IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 17-CV-3163-MSK-STV

LISA M. MATTHEWS, and
MARK P. MATTHEWS,

    Plaintiffs,

*v.*

DOUGLAS COUNTY SCHOOL DISTRICT RE 1,

    Defendant.

---

**OPINION AND ORDER ON MOTION TO DISMISS**

---

**THIS MATTER** comes before the Court on the Defendant's Motion to Dismiss (**# 6**), the Plaintiffs' response (**# 8**), and the Defendant's reply (**# 9**); and the Plaintiffs' Motion for Leave to File a Surreply (**## 10**, **11**). For the reasons that follow, the Motion to Dismiss is granted and the Motion for Leave to File a Surreply is denied.

### I. JURISDICTION

The Court has jurisdiction over an appeal from a final decision of the Colorado Office of Administrative Courts under 20 U.S.C. § 1415(i)(2)(A).

### II. BACKGROUND[1]

The Plaintiffs are the parent and stepparent (the Parents) of J.U.,[2] who was a student at

---

[1] The Court presumes the parties' familiarity with the underlying facts given that this is the second federal case between them.

[2] Though the Parents were represented at one point, they appear in this case as *pro se* plaintiffs. As a result, the Court construes their pleadings and other filings liberally and will not hold them to the same stringent standards applied to pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

Legend High School in Parker, Colorado, part of Defendant Douglas County School District. The relevant substantive facts are set forth in the Court's opinion in Case No. 16-CV-0717, *Matthews v. Douglas County School District* (*Matthews I*), a prior lawsuit between the parties. In that case, the Parents challenged the District's provision of a free appropriate public education for J.U. This case arises from a second due-process complaint relating to J.U.'s education, which urged many of the same grievances as in the first case.

The substance of the second due-process complaint is unimportant for purposes of this order because the state-agency administrative law judge (ALJ) dismissed the complaint on procedural grounds. Specifically, the ALJ found that dismissal was appropriate because the Parents had not adequately participated in a regulatory resolution process. The Parents filed the instant Complaint (**# 1**) in this Court seeking judicial review of the ALJ's decision. The District has moved to dismiss (**# 6**) the Complaint because the Parents did not fully exhaust their administrative remedies before the ALJ.

### III. LEGAL STANDARD

Challenges to subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) generally take one of two forms: facial attacks or factual attacks. *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). A facial attack on the complaint's allegations as to subject-matter jurisdiction questions the sufficiency of a complaint. *Id*. In reviewing a facial attack on the complaint, the allegations in the complaint as accepted as true. *Id*. In a factual attack, the movant goes beyond the allegations in the complaint and challenges the facts upon which subject-matter jurisdiction depends; therefore, a court must look beyond the complaint and has wide discretion to allow documentary and even testimonial evidence to resolve disputed jurisdictional facts. *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1324 (10th Cir.

2002). The District does not dispute any of the facts alleged and therefore apparently asserts only a facial challenge to the Complaint.

## IV. DISCUSSION

States receiving federal funds for education must provide a free appropriate public education (FAPE) to all eligible children. 20 U.S.C. § 1412(a)(1). The governing statute for these issues is the Individuals with Disabilities in Education Act (IDEA), which creates a mandatory administrative framework for resolution of disputes between parents and school districts: parents with complaints relating to the child's education or the provision of a FAPE are entitled to an "impartial due process hearing" conducted by the state agency. *Carroll v. Lawton Indep. Sch. Dist. No. 8*, 805 F.3d 1222, 1227 (10th Cir. 2015) (quoting 20 U.S.C. § 1415(b)(6)(A), (f)(1)(A)). Parents may appeal from state administrative decisions to this Court, but before filing an action, they must exhaust administrative remedies. 20 U.S.C. § 1415(g)(1); *Carroll*, 805 F.3d at 1227 (quoting 20 U.S.C. § 1415(*l*)). In the Tenth Circuit, the question of whether exhaustion is required is "whether the plaintiff has alleged injuries that could be redressed to any degree by the IDEA's administrative procedures and remedies." *Id*. If so, the plaintiff must exhaust her remedies.

The District contends that the Parents were required to but failed to exhaust their administrative remedies before filing the Complaint in this matter. Because the Parents appeal from an ALJ decision which ordinarily would be subject to judicial review, the Court understands the District to argue that the allegations in the Complaint exceed the scope of the ALJ's decision.

In her decision, the ALJ granted the District's motion to dismiss the Parents' due-process complaint. The ALJ found that the Parents failed to participate in the resolution process

required by 34 C.F.R. § 300.510, which creates a process in which school districts must reach out to parents who have filed due-process complaints to engage in a resolution meeting, where they discuss their differences in an effort to resolve the dispute. The resolution period is 30 days long, and if the school district cannot obtain parents' participation after reasonable efforts, it may move to dismiss the complaint.

The ALJ's determination was based upon the District's presentation of 16 exhibits detailing its efforts to schedule the resolution meeting with the Parents and the Parents refusal to participate. It appears that the parties were close to scheduling a meeting when Mr. Matthews refused to meet until the District "properly" answered the Parents' due-process complaint. It is unclear what was purportedly improper about the District's answer, but the ALJ found that there is no requirement that the District answer the due-process complaint prior to scheduling or holding a resolution meeting. On these facts, the ALJ concluded that the Parents did not participate in a resolution meeting as required by § 300.510(a) and that dismissal was warranted under § 300.510(b)(4).

In this action, the Court gleans four issues raised by the Complaint: (1) the District did not comply with a "stay-put" order issued by this Court in *Matthews I*; (2) the District retaliated against the Parents for bringing *Matthews I* by ignoring their requests; (3) the District committed various procedural violations of the IDEA; and (4) the ALJ wrongly dismissed the due-process complaint that preceded this case.

The only issue that can be addressed in this action is the last — whether the ALJ wrongly dismissed the due-process complaint. To the extent the Parents are aggrieved in any way by the District's conduct as it relates to orders in *Matthews I,* the issue must be addressed in *Matthews I*. As to the second and third issues, these were not raised before the ALJ, and thus the Court

cannot address them in this action. This Court sits in an appellate capacity to review the ALJ's factual findings and conclusions of law. *See L.B. v. Nebo Sch. Dist*., 379 F.3d 966, 974 (10th Cir. 2004). Although it applies a modified *de novo* review standard, that does not mean that it can consider wholly new issues that were never raised before the ALJ. *Id*. (the "district court's proceedings must maintain the character of review and not rise to the level of a *de novo* trial"). Because there is no showing that the questions of whether the District retaliated against the Parents for bringing *Matthews I* or whether the District committed specified procedural violations of the IDEA were raised before the ALJ, they cannot be considered here.

Accordingly, this appeal is limited to whether the ALJ properly dismissed the Parents' due-process complaint for failure to participate in the resolution process. To the extent any other claims are advanced by the Parents, they are deemed dismissed.

## V. CONCLUSION

For the foregoing reasons, the Defendant's Motion to Dismiss (**# 6**) is **GRANTED IN PART**. Only the Parents' appeal of the ALJ's dismissal for failure to participate in the resolution process will proceed.

Dated this 4th day of October, 2018.

**BY THE COURT:**

_____

Marcia S. Krieger
Chief United States District Judge