**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

Civil Action No. 17-cv-03163-MSK-STV

**LISA M. MATTHEWS; and
MARK P. MATTHEWS, as parents of J.U., a minor,**

    Plaintiffs,

v.

**DOUGLAS COUNTY SCHOOL DISTRICT RE 1,**

    Defendants.

---

**OPINION AND ORDER ON THE MERITS OF THE ADMINISTRATIVE RECORD**

---

**THIS MATTER** comes before the Court primarily pursuant to the Defendant's ("the District") Motion to Dismiss **(# 58)**. The Plaintiffs filed no direct response to that motion, but certain *pro se*[1] filings by the Plaintiffs anticipate **(# 55, 57, 59)** the District's motion and the Court deems those filings to constitute the Plaintiffs' response.

## FACTS

The underlying facts of this case are straightforward and simple. Until recently, J.U. was a high school student living within the District. J.U. experiences several disabilities, including dyslexia, Tourette Syndrome, and ADHD. Pursuant to the Individuals With Disabilities In Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, disabled students like J.U. are entitled to special education and related services, provided by the District at its expense, to ensure that they are provided a free, appropriate public education. 20 U.S.C. § 1400(d)(1)(A).

---

[1] The Court construes the Plaintiffs' *pro se* filings liberally. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972).

1

IDEA is implemented through a complex regulatory scheme, but it is sufficient to observe that a parent who believes that a school district has violated IDEA must trigger a review process by filing a "due process complaint." 34 C.F.R. § 300.507(a). The school district "must convene a meeting with the parent" and other relevant officials within 15 days of receipt of such a complaint. 34 C.F.R. § 300.510(a)(1). If the parties are unable to resolve the issue through such a meeting, the complaint proceeds to a "due process hearing" before a state Administrative Law Judge ("ALJ"). 34 C.F.R. § 300.510(b)(1). But "if the [district] is unable to obtain the participation of the parent in the resolution meeting after reasonable efforts have been made and documented . . . [the district] may, at the conclusion of the 30-day period [from receipt of the complaint], request that a hearing officer dismiss the parent's due process complaint." 34 C.F.R. § 300.510(b)(4) (internal parenthetical omitted).

Here, the Plaintiffs filed a due process complaint with the District on August 9, 2017. Administrative Record, *Docket #* 54 (hereafter, "AR __") at 2-6. The contents of that complaint are not particularly germane to the issue at hand and need not be summarized.[2] Accompanying that complaint was a letter from Mr. Matthews, stating that, for purposes of a resolution meeting, "I [am] available on August 17 or 18 at 1:00 p.m." AR 187. On August 11, 2017, Donna Trujillo, a District representative, e-mailed the Plaintiffs, proposing that the parties "hold the Resolution Meeting on Thursday, August 17th from 12:00-2:00 pm" at the District's office in Castle Rock, CO. AR 149. It does not appear that the Plaintiffs responded to that e-mail, because on August 16, 2017, at 1:06 p.m., Ms. Trujillo again e-mailed the Plaintiffs, stating "I

---

[2] The complaint itself invoked many of the same issues raised by the Plaintiffs in the then-pending case of *Matthews v. Douglas County School Dist. RE 1*, D.C. Colo. Civ. Case No. 16-cv-00717-MSK-STV. Because this case is resolved on a procedural issue, the Court need not review the proceedings, issues, or outcomes of the earlier *Matthews* case.

am reaching out to confirm if you are agreeing to the resolution meeting tomorrow." Ms. Trujillo requested that the Plaintiffs confirm their intentions by 4:00 p.m. that day. AR 150. Although it is not clear whether it was a response to Ms. Trujillo's latest request, on August 16, 2017, Plaintiff Mark Matthews wrote to Jason Jacob, Principal of the school J.U. attended, purporting to discuss "Mr. Stuller's, [the District's counsel's,] correspondence of August 11, 2017."[3]  AR 162-63. Mr. Matthews raised a variety of issues in the letter, but also addressed the issue of a resolution hearing. He acknowledged that he would "attend an IEP meeting during my work hours so you could answer the complaint," but placed certain conditions on doing so:

> Please advise Ms. Trujillo that her unilateral demand, including time and place, for a Resolution session is premature and denied. You must first answer the complaint. Upon receipt of the such, I will proffer a Resolution meeting time and date with you in attendance. . . .

AR 163.

The District forwarded Mr. Matthews' letter to Mr. Stuller, and at 5:36 p.m. on August 16, 2017, Mr. Stuller e-mailed Mr. Matthews, explaining that "Ms. Trujillo offered to meet with you at a time that you previously indicated you were available. Apparently, you have chosen not to participate at that time contending that a resolution meeting must be preceded by a response to the complaint. This is not accurate." Nevertheless, Mr. Stuller advised Mr. Matthews that the District's response to the complaint would be filed on the following day and that "Ms. Trujillo will contact you with additional dates for the resolution meeting." AR 165. Later that evening, Ms. Trujillo e-mailed Mr. Matthews proposing a resolution meeting for the following day,

---

[3]  Mr. Matthews stated that "As you are the Principal of Legend [High School], I hold you accountable for the actions of the District. . . ."

August 17, 2017 (a date the Plaintiffs had previously proposed) at noon, or the alternative date of August 24, 2017 at 8:00 a.m.  AR 167.

It appears that the August 17 date passed without a response, and on August 23, 2017, at 9:11 a.m., Ms. Trujillo e-mailed Mr. Matthews asking him to "Please confirm if tomorrow will work for the Resolution meeting," and offered to provide him with additional available dates if not (and requested that he provide his own availability).  AR 168.  On August 24, 2017, at 8:11 a.m., Mr. Mathews responded that "I am available tomorrow [August 25] at 2:00 p.m. [or] Tuesday [August 29] at 11:15 a.m.," with "either day at Legend High School."  AR 169.  Ms. Trujillo responded that "I would be able to meet with you from 11:30-12:30 on Tuesday, August 29, 2017" and asked him to confirm that date.  AR 170.  On August 28, 2017, Ms. Trujillo again e-mailed Mr. Matthews, asking him to "confirm if you are able to be present for the resolution meeting tomorrow at 11:30 a.m."  AR 171.  She indicated that the meeting would be held "at the district office is Castle Rock."[4]  Mr. Matthews responded "I will be at legend High School at 11:15 a.m. tomorrow, if you choose not to attend that is your prerogative."  AR 172.  Ms. Trujillo responded by e-mail that "the meeting will be held at our district office . . . as I have meetings before and after that will require me to remain there."  She offered that "If you cannot participate in person [at that location], I would be happy to meet with you over the phone."  AR 173.  Mr. Matthews responded by e-mail that "your denial of my offer is noted. . . Once I receive a proper answer to the complaint we will then have a resolution session at a date, time and place convenient to me."  AR 174.

---

[4]   According to Google Maps, the driving distance between Legend High School in Parker, Colorado and the District's offices in Castle Rock, Colorado is 13 miles taking approximately 21 minutes.

Neither Plaintiff appeared at the District office on August 29 for the meeting. On August 31, Ms. Trujillo e-mailed Mr. Matthews advising that she attempted to contact him for that meeting by phone, but received no answer or message. She asked "if you are willing to participate in a resolution meeting," and again offered to provide her availability to do so. AR 176. On September 1, 2017, Mr. Matthews instead e-mailed Mr. Stuller's office, stating that "we would be moving this case to Federal court in the next couple of weeks and no need to hold a pre-hearing conference." AR 177.

On September 11, 2017, the District filed a Motion to Dismiss with the assigned ALJ, reciting the facts set forth above and moving to dismiss the Plaintiffs' due process complaint due to the Plaintiffs' failure to participate in a resolution meeting pursuant to 34 C.F.R. §300.510(b)(4). AR 152-157.

On September 29, 2017, the ALJ granted the District's motion. AR244-247. The ALJ recited the requirements of 34 C.F.R. § 300.510 – that a resolution hearing be held within 15 days of receipt of the complaint – and the provisions of 34 C.F.R. § 300.510(b)(4), which allows a school district to seek dismissal of a complaint if the complaining parents rebuff "reasonable efforts" to hold such a meeting. Addressing the communications discussed above, the ALJ found that they constituted "reasonable efforts to schedule the resolution meeting with the [Plaintiffs]," but that the District was "unsuccessful in obtaining their participation." The ALJ specifically found that: (i) "there is no requirement that the School District file an Answer prior to the scheduling or holding of a resolution meeting"; (ii) "the [Plaintiffs] did not participate in a resolution meeting during the 30-day resolution period"; and (iii) "the School District sufficiently documented its attempts to schedule a resolution meeting with [the Plaintiffs]."

5

The Plaintiffs then commenced the instant action **(# 1)**. Although they raised several claims, by Opinion and Order dated October 4, 2018 **(# 40)**, this Court dismissed all claims except for one asserting that "the ALJ wrongfully dismissed the due process complaint that preceded this case." On June 25, 2020, the District moved **(# 58)** for "resolution" of the Plaintiffs' remaining claim, reciting the facts set forth above and contending that the Court should affirm the ALJ's decision to dismiss the Plaintiffs due process complaint.

The Plaintiffs did not respond directly to the District's motion. Instead, the Plaintiffs have filed a variety of motions and other matters that largely obscure, rather than clarify, the Plaintiffs' position regarding the ALJ's decision. The Court summarizes those filings briefly:

> • **Docket # 55**: Captioned as a "Motion to Dismiss the Defendants' 12(b)(6) Motion" – no such motion by the Defendants was then-pending – the Plaintiffs refer to a "falsified dismissal order issued by the ALJ," but do not elaborate on what portion of the order is "falsified" nor what the original order purportedly states. The Plaintiffs argue that the Colorado Department of Education "in concert with the school district, prevented administrative exhaustion when the agencies blatantly disregarded IDEA's dispute resolution procedures," although, again, they do not elaborate. The Plaintiffs suggest that the Court obtain the Department of Education's "communication to and from [the ALJ] and the school district," but once again, make no proffer of what the Plaintiffs believe such a record would reveal.
>
> • **Docket #57:** Captioned as the Plaintiffs' "Motion to Supplement The Administrative Record," the motion seeks to: (i) "expand the administrative record . . . with 2 documents"; (ii) request that the Court direct the Department of Education to "produce its file," suggesting that such a record will show that "the Agency prevented administrative exhaustion"; and (iii) argue that "this case now falls under the IDEA's 'futility' exception no longer requiring administrative exhaustion." The two documents the Plaintiffs wish to add to the administrative record are: (i) a July 2013 memorandum issued by the U.S. Department of Education to State Directors of Special Education, setting out advisory guidance regarding the dispute resolution procedures of 34 C.F.R. § 300.507 through § 300.516, among others; and (ii) an October 27, 2016

> letter from the Plaintiffs to an official at Legend High School, raising certain concerns about J.U.'s IEP.
>
> • **Docket # 59:** Captioned as the Plaintiffs' reply in support of their motion at Docket # 55, this filing briefly offers a substantive response to the District's instant motion. The Plaintiffs argue that the District "refused to issue any meeting notices" and that "the ALJ's dismissal order relies on meeting notices and meetings which aren't supported in the record." The Plaintiffs also argue that, after 15 days from the due process complaint, the Colorado Department of Education was required to "force-convene a resolution session," and that it failed to do so.

## ANALYSIS

20 U.S.C. § 1415(*i*)(2)(A) provides that a party who is aggrieved by certain decisions in the IDEA administrative process may "bring a civil action with respect to the complaint presented pursuant to this section." Under 20 U.S.C. § 1415(*i*)(2)(C), the Court shall receive the records of the administrative proceeding, hear additional evidence if requested by a party,[5] and "basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." This language confers "broad discretion on the court," constrained only by the requirement that any relief that is directed is "appropriate." *School Committee of Town of Burlington v. Department of Education*, 471 U.S. 359, 369 (1985). There is some dispute among courts as to the precise role that they play in reviewing administrative determinations of this type. Some courts posit that the court's review of the ALJ's determination is "virtually *de novo*." *P.P. v. Northwest Indep. School Dist.*, __ Fed.Appx, ___, 2020 WL

---

[5] With the exception of the Plaintiffs' request to expand the administrative record by two documents, no party has requested that the Court receive any additional evidence. The Court grants that portion of the motion that seeks to supplement the record with the 2013 Department of Education interpretive memo, as that memo does give some guidance as to how the complaint procedure at issue herein should be interpreted. But the Court denies the Plaintiffs' motion to supplement the record with the October 27, 2016 letter because that letter, written nearly a year before the events at issue in this action, has no bearing on the question of whether the Plaintiffs' 2017 due process complaint was properly dismissed.

7

7346713 (5th Cir. 2020), *citing Teague Indep. School Dist. v. Todd L.*, 999 F.2d 127, 131 (5th Cir. 1993). Other courts suggest that the review must necessarily afford some degree of deference to the decision under review. *See generally Ojai Unified School Dist. v. Jackson*, 4 F.3d 1467, 1471-72 (9th Cir. 1993) (describing an "unusual mixture of discretion and deference"). Ultimately, it is not necessary for this Court to resolve that issue, as even under a *de novo* review – a scope of review most deferential to the Plaintiffs here – the outcome will be the same.

Here, the provisions of 34 C.F.R. § 300.510 are clear. Upon the filing of the due process complaint, the District must attempt to convene a resolution meeting within 15 days. If, despite the District's diligent efforts, such a meeting cannot be completed within that time frame, the District "must continue to make diligent efforts throughout the remainder of the 30-day resolution period to convince the parent to participate in a resolution meeting." 2013 Memo, *see Docket* # 57 at 72 (Question D-12). If 30 days have elapsed since the filing of the due process complaint and the District has both (i) made reasonable efforts to obtain the parent's participation in a resolution meeting, and (ii) documented those efforts with detailed records of phone calls and correspondence, the District may request that the ALJ dismiss the complaint.

The record reflects that the District made several attempts to schedule a resolution meeting consonant with the Plaintiffs' availability, and that it was the Plaintiffs' insistence on irrelevant or unreasonable conditions that prevented the meeting from occurring. First, the Plaintiffs represented that they could be available for a meeting on August 17 at 1:00 p.m. Ms. Trujillo gave them nearly a week's notice of the District's willingness to conduct a meeting at that date and time, but the Plaintiffs refused to participate, imposing a condition that the District file a response to their complaint before they would consent to a resolution meeting. Nothing in 20 U.S.C. § 1415(b)'s articulation of complaint procedures nor 34 C.F.R. § 300.508, which

8

governs the complaint process, dictate that an answer to the complaint must precede a resolution meeting. Indeed, the time frame for a resolution meeting (15 days from receipt of the complaint) and for an answer (10 days from the complaint) are entirely separate, but necessarily overlap in such a way that it is conceivable that scheduling needs will result in a resolution meeting being arranged before an answer to the complaint is filed.

The District made a second attempt to schedule a meeting by proposing a meeting on August 24, a date that was, at that time, a week hence. The record reflects that the Plaintiffs did not respond to that proposal at all, neither accepting nor declining it, until after the date and time had already passed.

Finally, the District made a third attempt to schedule a resolution meeting, acceding to Mr. Matthews' request to hold the meeting on August 29 at 11:30 a.m. (Mr. Matthews indicated his availability at 11:15 a.m., but the Court finds that 15-minute difference to be meaningless, particularly because if Mr. Matthews was available for a lengthy meeting as of 11:15 a.m., he was still available for that meeting at 11:30 a.m. as well.) But Mr. Matthews objected to holding the meeting at the District's offices, rather than at Legacy High School. Notably, the District offered a reason why the meeting should be held at the District office – Ms. Trujillo had other meetings in that same office before and after the scheduled meeting – but Mr. Matthews' correspondence offers no particular reason for Mr. Matthews' insistence that the meeting be held at the school instead. Based on the tenor of the parties' correspondence as a whole, this Court finds that Mr. Matthews imposed the condition of holding the meeting at the school simply in an attempt to frustrate or scuttle the District's attempts to conduct the meeting. In a September 8, 2017 letter to the District, just one week later, Mr. Matthews takes an even more combative tone, stating:

9

> [y]ou and Trujillo don't get to dictate whom will attend, the
> location or time of the meeting. I have determined that the entirety
> of the group who will attend the meeting are [5 named
> representatives of the District]. The meeting can take place at
> either Legend High School or my office. The meeting time will be
> one that is convenient to me. However, you must first answer the
> Complaint in compliance with the statute.[6] . . You can accept my
> gracious offer or not.

AR 191. It is clear from the record as a whole that the Plaintiffs only intended to participate in a resolution meeting on their terms, and that when those terms were met – a meeting matching their stated availability – they then to interposed additional terms at the last minute in an effort to prevent the meeting from occurring.

In such circumstances, upon *de novo* consideration, the Court agrees with the ALJ that the District made numerous, reasonable attempts to schedule a resolution meeting, and that the Plaintiffs purposefully ignored or obstructed those efforts, thereby preventing the meeting from occurring. In such circumstances, the ALJ correctly concluded that dismissal of the complaint was appropriate.

In the interests of completeness, the Court also briefly addresses certain alternative arguments raised by the Plaintiffs. First, the Plaintiffs argue that the "futility" exception to the

---

[6] Mr. Matthews' demand as of September 8 that the District "first answer the Complaint" before a resolution meeting could be scheduled is indicative of the Plaintiffs' obstreperousness in this process. The District had already filed a response to the complaint, back on August 17, 2017. AR 130-134. The Plaintiffs were well aware that such a response had been provided, as they filed a "Motion to Compel" on August 31, 2017 that acknowledged the District's response but deemed it "simply finger pointing at the parents and a general set of denials [that] fails to meet the answering provisions under the Act." AR 137-139. Once again, that motion insisted that the "District's failure to file a complete response to the complaint prevents the Parents from meaningfully participating in the IDEA's resolution process. . ." Thus, it is clear that the Plaintiffs insisted not on receiving an answer to the complaint before they would agree to proceed to a resolution hearing, but on receiving an answer that they unilaterally deemed sufficient.

requirement that parties exhaust the statutory process applies here – in essence, that the requirement to meet should be waived. For the reasons below, the Court is unpersuaded.

IDEA sets forth a comprehensive scheme for administrative resolution of disputes before litigation can ensue, but courts have recognized limited situations in which a plaintiff's failure to exhaust those administrative procedures can be overlooked.  Courts have recognized that "exhaustion is not necessary if it would be futile to resort to the IDEA's due process procedures." *Murphy v. Arlington Cent. School Dist.*, 297 F.3d 195, 199 (2d Cir. 2002).  This futility exception applies when the Plaintiffs injuries are not redressable through the administrative process and where the administrative process would provide negligible benefit to the reviewing court.  *Doucette v. Georgetown Public Schools*, 936 F.3d 16, 31 (1st Cir. 2019).  The parties asserting futility – here, the Plaintiffs – have the burden of demonstrating that further proceedings would have been futile.  *Cave v. East Meadow Union Free School Dist.*, 514 F.3d 240, 249 (2d Cir. 2008).  The Plaintiffs here have not made such a showing.  They argue that exhaustion would be futile because they moved to another school district in summer 2018, and that thereafter, J.U. graduated and now seems "redress [for] wholly retrospective injuries and money damages" that "the administrative process cannot provide."  But the Plaintiffs' failure to exhaust occurred in August 2017, at a time when J.U. was still a student in the District and was eligible for benefits under an IEP.  *See Docket # 1, ¶ 1.*  This distinguishes this case from *Covington v. Knox County School Sys.*, 205 F.3d 912, 981 (6th Cir. 2000), where the court found "special circumstances" – that the plaintiff was seeking only monetary benefits for past torts committed by the school and had already graduated by the time suit was commenced – warranting excusal from the exhaustion requirement.  Here, J.U. was a student in the District at the time this action was commenced and had the Plaintiffs participated in the resolution meeting

(and done so in good faith, rather than with the combativeness and bellicosity characterizing much of their correspondence with the District), it is conceivable that the parties could have reached agreement as to an IEP that met J.U.'s needs. At that point in time, the Plaintiffs were continuing to seek "a more appropriate education placement, provided at public expense[,] precisely the kind of relief that the state administrative process is equipped to afford." *Covington*, 205 F.3d at 918. Because the Plaintiffs unreasonably failed to participate in that process, they may not now invoke the futility exception to their failure to exhaust their administrative remedies.

The Plaintiffs also make an unclear argument that attempts to lay blame at the feet of the Colorado Department of Education for "failing to intervene" in the administrative process, suggesting that the State of Colorado bears some responsibility for the resolution meeting not occurring. The Plaintiffs are referring to a comment in the 2013 Department of Education memo that discusses the relative role of State Education Authorities – that is, state Departments of Education – in the administrative process of individual complaints. The pertinent portion of the memo explains that "only in very rare situations will a [district] fail to meet its obligation to convene a resolution meeting within 15 days of receiving notice of the parents' due process complaint," but that in such circumstances, the state "must ensure the [district] corrects the noncompliance as soon as possible." *See* Docket # 57 at 73, Question D-15. But as the Court has already found, the District here did not fail to meet its obligation of scheduling a resolution meeting. It made every attempt to do so, only to be frustrated by the Plaintiffs obstruction. The Plaintiffs cannot simultaneously prevent a resolution meeting from occurring and simultaneously complain that the meeting has not occurred. Thus, the conditions warranting intervention by the state were not present here, and the absence of such intervention offers no relief to the Plaintiffs.

The Court has considered the remaining arguments raised by the Plaintiffs and finds them to be without merit. Accordingly, the Court grants the Defendants' motion to resolve this issue on the merits, and upon *de novo* review of the administrative record, affirms the ALJ's dismissal of the Plaintiffs' due process complaint. Because a request for review of the ALJ's determination was the sole remaining claim asserted by the Plaintiffs, judgment may enter in favor of the District and this case can be closed.

## CONCLUSION

For the foregoing reasons, the Defendants' Motion for Resolution **(# 58)** is **GRANTED**. The Court has considered the Administrative Record **(# 54)** and the parties' submissions and upon *de novo* review, **AFFIRMS** the decision of the ALJ dismissing the Plaintiffs' due process complaint. The Plaintiffs' Motion to Dismiss **(# 55)** is **DENIED AS MOOT**. The Plaintiffs' Motion to Supplement the Administrative Record **(# 57)** is **GRANTED IN PART**, insofar as the Court deems the record supplemented by the 2013 Department of Education memo, and **DENIED IN PART** in all other respects. The Clerk of the Court shall enter judgment in favor of the District and close this case.

Dated this 11th day of February, 2021.

**BY THE COURT:**

*/s/ Marcia S. Krieger*

Marcia S. Krieger
Senior United States District Judge